STATE of Iowa, Appellee,

v.

Johnnie C. KING, Appellant.

No. 97–92.

Supreme Court of Iowa.

March 25, 1998.

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, and Judson L. Frisk, County Attorney, for appellee.

## PER CURIAM.

Johnnie C. King appeals from judgment and sentence entered, following his guilty plea, to going armed with intent, in violation of Iowa Code section 708.8 (1995). He contends the State violated the plea agreement by failing to remain silent at sentencing, or, alternatively, his counsel was ineffective for failing to preserve error on this issue. He requests his conviction be reversed and the case be remanded to allow him to withdraw his guilty plea. We find the prosecutor violated the plea agreement and error was preserved. We therefore affirm the judgment of conviction, vacate the sentence, and remand for resentencing.

On May 13, 1996, the State charged King with terrorism, in violation of Iowa Code section 708.6, and driving under suspension, in violation of Iowa Code section 321A.32. The charges resulted after King allegedly fired a Chinese assault rifle at individuals in a truck, hitting two of the occupants. The individuals had been chasing King and bumping his vehicle with their truck. King's infant son was in the vehicle at the time.

King filed a notice of his intent to assert a self defense claim; however, a plea agreement was reached prior to trial. At the guilty plea hearing, the parties informed the court King was pleading guilty to an amended charge of going armed with intent, and, in exchange, the State would move to dismiss the driving-under-suspension charge. Defense counsel added, without objection from the prosecutor, that the State also agreed to remain silent at sentencing. The court's docket entry reflects the same.

At the sentencing hearing, the court received a presentence investigation report (PSI) detailing the probation officer's recommendation for an indeterminate five-year prison term. Defense counsel argued against incarceration. Thereafter, the State requested the court follow the PSI recommendation. Defense counsel objected, maintaining the State's comments violated the plea agreement. The prosecutor later commented on the validity of King's self-defense theory. Defense counsel again objected. The court sentenced King to an indeterminate five-year term of imprisonment.

On appeal, King argues the State violated the plea agreement by failing to remain silent at sentencing. King requests this court reverse his conviction and remand the case to allow him to withdraw the guilty plea and proceed to trial.

■ Our review is for errors at law. *See State v. Hinners*, 471 N.W.2d 841, 843 (Iowa 1991). This court has recognized that a prosecutor may not withdraw from a plea bargain after a defendant has entered a guilty plea or has detrimentally relied upon the agreement. *State v. Edwards*, 279 N.W.2d 9, 11 (Iowa 1979). Compliance with plea agreements is mandated by "our time-honored fair play norm and accepted professional standards." *State v. Kuchenreuther*, 218 N.W.2d 621, 624 (Iowa 1974). Violations or casual withdrawals of these agreements after detrimental reliance by the defendant are intolerable and adversely impact the integrity of the prosecutorial office and the entire judicial system. *See Edwards*, 279 N.W.2d at 12.

■ In this case, the State agreed to remain silent at sentencing. It is clear from a review of the record that the prosecutor breached that agreement, and error was preserved by defense counsel's objections. We

now consider the appropriate remedy for the State's failure to abide by its promise.

■ If a prosecutor breaches the plea agreement, the remedy is either specific performance or withdrawal of the guilty plea. *Hinners,* 471 N.W.2d at 845. It is within the discretion of the court as to which remedy to use. *Id.* Therefore, we are not limited in fashioning the appropriate relief simply because King has requested only the withdrawal of his guilty plea.

The State contends King has already received specific performance because the sentencing court did not refer to the prosecutor's statements when it pronounced sentence. It argues this silence is proof that the court ignored or was not influenced by the statements. In *Santobello v. New York,* however, the Court remanded a similar case for resentencing even though the sentencing judge specifically stated that the prosecutor's recommendations did not influence his decision. *Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). In ordering the remand, the Supreme Court reasoned "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case ... for further consideration." *Id.* We believe the prudent action to be taken by a sentencing court when faced with a similar breach would be to stop the proceeding and determine the appropriate remedy necessary to ensure the interests of justice are served—either withdrawal of the guilty plea or resentencing before another judge.

In this case, the prosecutor's promise to remain silent at sentencing, a commonly bargained-for component of a plea agreement, was ignored. That breach tainted the entire sentencing proceeding. To remedy that breach, we believe King is entitled to specific performance of that agreement—a sentencing proceeding at which the prosecutor will remain silent.

Therefore, King's conviction is affirmed and his sentence is vacated. This case is remanded for resentencing before a different district court judge. The State shall honor the plea agreement and shall remain silent at the sentencing hearing.

**JUDGMENT OF CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING.**

All justices concur except HARRIS and LARSON, JJ., who take no part.