# IN THE COURT OF APPEALS OF IOWA

No. 16-2051
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DENNIS BROWN JR.,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Linn County, Russell G. Keast,

District Associate Judge.


The defendant challenges his conviction and sentence. **AFFIRMED.**


John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.


Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Dennis Brown Jr. was charged with three counts of domestic abuse assault. The State and Brown reached a plea agreement pursuant to which Brown agreed to plead guilty to one count of domestic abuse assault (strangulation), in violation of Iowa Code sections 708.2A(1) and 708.2A(2)(d) (2016), and the State agreed to dismiss the remaining counts and further agreed not to resist Brown's request for a deferred judgment. The district court did not grant Brown's request for a deferred judgment. The district court sentenced Brown to ninety-two days in jail with all but two days of the sentence suspended.

On appeal, Brown challenges his conviction and sentence, contending the prosecutor failed to abide by the terms of the plea agreement. Specifically, Brown contends the prosecutor violated the plea agreement when the prosecutor asked the court to take judicial notice Brown had a prior deferred judgment. Brown requests his conviction be vacated and he be allowed to plead anew. Our review is for correction of errors at law. *See State v. King*, 576 N.W.2d 369, 370 (Iowa 1998).

When the State enters into a plea agreement, the prosecutor must comply with both the letter and spirit of the plea agreement. *See State v. Horness*, 600 N.W.2d 294, 296 (Iowa 1999). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). The prosecutor can act contrary to the plea agreement by explicitly

violating the terms of the plea agreement. *See id.* The prosecutor can also act contrary to the plea agreement by expressing material reservation regarding the plea agreement while still acting in technical compliance with the agreement. *See id.*

Brown has failed to establish the prosecutor breached the terms of the plea agreement. Here, the State agreed not to resist Brown's request for a deferred judgment. At the time of sentencing, the prosecutor asked only for the court to take judicial notice of Brown's prior deferred judgment. The court, in response, asked if the State "agreed not to resist the request for deferred judgment," to which the State responded in the affirmative. The prosecutor did not express any material reservation regarding the plea agreement or otherwise undercut the agreement with a wink and a nod. *See State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008); *Horness*, 600 N.W.2d at 299. The prosecutor informed the court of the defendant's criminal history, a permissible sentencing consideration, and, upon inquiry from the district court, stated the State did not resist the request for deferred judgment. *See* Iowa Code § 901.5 (authorizing sentencing court to review presentence investigation report containing criminal history in rendering sentence). The prosecutor did not emphasize the prior deferred judgment or in any way intimate the district court should not grant a deferred judgment because of the prior deferred judgment. In short, under the circumstances, the prosecutor's recitation of the defendant's criminal history did not constitute resistance to the defendant's request for a deferred judgment and

did not deprive the defendant of the benefit of his plea bargain. *See Frencher*, 873 N.W.2d at 284.

**AFFIRMED.**

Danilson, C.J., concurs; Tabor, J., dissents.

**TABOR, Judge** (dissenting)

I respectfully dissent. By urging the sentencing court to take judicial notice of a prior false-imprisonment offense committed by Brown, the prosecutor did not strictly comply with the terms and spirit of the plea agreement as required under *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999), *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008), and *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011).

The sentencing hearing began with a lengthy victim impact statement. The victim asked the court to "take into consideration Dennis has a history of violence, anger and domestic violence." The victim concluded by saying: "[H]is actions were serious and should have serious consequences. Sometimes it only takes one time and there might not be a second chance for an innocent victim."

Immediately following the victim impact statement,[1] the court asked if the State had "any additional record." The assistant county attorney responded: "Your Honor, in making your sentencing recommendation or your sentencing order, the State would also ask the Court take judicial notice the deferred judgment the defendant received out of Johnson County for false imprisonment in—I don't have the year, Your Honor. False imprisonment, a different victim."

In response to the State's request that it take judicial notice of the prior false-imprisonment case, the sentencing court asked for clarification: "The plea

---

[1] I do not suggest the assistant county attorney violated the plea agreement by facilitating the victim's oral presentation of her impact statement. *See* Iowa Code § 915.21(1)(b) (2016). But the assistant county attorney did attempt to capitalize on the content of the victim impact statement by asking the sentencing court to take judicial notice of the prior false-imprisonment incident and specifically mentioning that it involved another victim.

agreement in this matter states that the State agreed not to resist the request for deferred judgment; is that correct?"

Despite the fact this same assistant county attorney appears to have signed the written guilty plea form, she asked the court: "Is that what was written in the plea agreement?" The court confirmed: "It is what's written in the plea form." The assistant county attorney then said: "Yes, Your Honor." The court further clarified: "As well as dismissing Counts II and III is that correct?" And the assistant county attorney replied: "Correct." The assistant county attorney said nothing more about the plea agreement or sentencing recommendation.

The question whether the State reneged on its plea agreement often arises as a claim of ineffective assistance of counsel on appeal because no objection was lodged at the sentencing hearing. But here, defense counsel contemporaneously objected to the prosecutor's improper remarks about Brown's previous offense of false imprisonment with a different victim, arguing:

> Your Honor, at this point in time based on the statements made by the State, informing the Court about the false imprisonment with a different victim in Johnson County, I do believe that is against the plea agreement in regards that—according to case law when there is an agreement made by the parties, the State is not allowed to make any statements that could affect the agreement and in this case the agreement was the State was not to resist a deferred judgment.

The sentencing court rejected the defense argument, couching its conclusion as a double negative: "I don't believe the agreement's been not upheld." The court reasoned: "The State agreed that they made the agreement not to resist the deferred judgment, and . . . taking into consideration prior record, including prior deferred judgments, is appropriate for the Court."

On appeal, the State echoes that rationale, arguing the sentencing court must be allowed to consider the defendant's prior deferred judgment to decipher whether a deferred judgment was authorized under Iowa Code sections 901.5 and 907.3. The sentencing court and the State both skirt the real issue. The assistant county attorney was not giving the sentencing court a heads up that Brown was eligible for a deferred judgment because he had only one prior deferred judgment and it was not for a felony offense. Rather, the assistant county attorney had apparently forgotten what she promised as part of the plea agreement. *See Bearse*, 748 N.W.2d at 215 (advising "inadvertence by a prosecutor will not excuse noncompliance"). The State concedes: "One way to read the transcript would allow that the prosecutor was unaware of the obligation not to resist a deferred judgment."

The State's concession puts us in *Fannon* territory. In *Fannon*, the prosecutor's initial recommendation violated the express terms of the plea agreement, and the prosecutor's attempt to cure by withdrawing the improper remarks was unavailing. 799 N.W.2d at 521. The *Fannon* court held: "Although the sentencing prosecutor attempted to 'start again' following the breach, his conduct, whether intentional or inadvertent, revealed that, but for the agreement, the State would recommend consecutive sentences." *Id.* at 522 (footnote omitted). The prosecutor's attempt to cure was even less potent here. Although the sentencing court pulled the assistant county attorney back to the terms of the plea agreement, her initial foray into the substance of the prior deferred judgement for false imprisonment with a different victim (right on the heels of the victim impact statement emphasizing Brown's proclivity to violence and risk to

other victims) indicated, but for the agreement, the State would have recommended the imposition of judgment. The prosecutor's request for the court to take judicial notice of a prior incident that underscored Brown's dangerous nature would lead a reasonable person to assume her intent was to convince the court not to defer judgment. *See State v. Lopez*, 872 N.W.2d 159, 179 (Iowa 2015). Her subsequent terse recognition of the State's agreement memorialized in the written plea form fell short of "the most meticulous standards of both promise and performance" to which we hold prosecutors. *See id.* at 180 (quoting *Bearse*, 748 N.W.2d at 215).

The majority relies on *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015), for the proposition that reciting a defendant's criminal history will not always count as expressing a material reservation regarding the sentencing recommendation. But in *Frencher,* "[t]he prosecutor strongly advocated for the recommended sentence, stating that Frencher should be given the opportunity for probation and could be successful on probation despite Frencher's criminal history." 873 N.W.2d at 285. Here, the assistant county attorney did not affirmatively advance the State's promised non-resistance to Brown's request for a deferred judgment. At best, the record shows the assistant county attorney answered "yes" when asked if the written plea form correctly reflected the State's agreement not to resist the request for deferred judgment. The plea agreement did not provide for the State to stand silent; in return for his plea of guilty, Brown expected the prosecutor to say the State had no objection to the deferred judgment. The prosecutor did not live up to that expectation. In fact, the

prosecutor sabotaged the promised recommendation by mentioning Brown's prior false-imprisonment offense.

I would vacate Brown's sentence and remand for resentencing by a different judge.