# IN THE COURT OF APPEALS OF IOWA

No. 17-1696
Filed October 10, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BRIAN McCONNELEE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Kellyann M. Lekar (plea) and David P. Odekirk (sentencing), Judges.

Brian McConnelee appeals his sentences for multiple convictions, claiming his counsel provided ineffective assistance by failing to object to the prosecutor's breach of the parties' plea agreement. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Brian McConnelee appeals his sentences for three counts of possession of marijuana, third or subsequent offense; one count of possession of methamphetamine, third or subsequent offense; one count of possession of alprazolam, third or subsequent offense; and two counts of operating while intoxicated, first offense. McConnelee claims his counsel provided constitutionally ineffective representation by failing to object to the prosecutor's breach of the parties' plea agreement. We determine defense counsel failed to perform an essential duty by failing to timely object to the prosecutor's breach of the plea agreement. We presume McConnelee was prejudiced by defense counsel's failure. We vacate McConnelee's sentences and remand for resentencing before a different judge.

### I. Background Facts & Proceedings

On June 19, 2016, McConnelee was arrested after he was found asleep behind the wheel of a running vehicle parked in the middle of the road. Controlled substances were found in the vehicle, McConnelee failed field sobriety tests, and lab testing revealed intoxicating substances in his urine. He was charged in case FECR081081 with possession of marijuana with intent to deliver, second or subsequent offense, in violation of Iowa Code section 124.401(1)(d) and 124.411 (2016); possession of methamphetamine, third or subsequent offense, in violation of section 124.401(5); and operating while intoxicated, first offense, in violation of section 321J.2. He was released on bond.

On September 13, McConnelee was stopped while driving without a valid license. McConnelee admitted to the officer there might be marijuana in the car

and the subsequent search revealed marijuana and controlled medications not prescribed to McConnelee. In case FECR081232, McConnelee was charged with possession of marijuana with intent to deliver, in violation of section 124.401(1)(d), and possession of alprazolam, third or subsequent offense, in violation of section 124.401(5). He was again released on bond.

On September 16, police pulled McConnelee over in a traffic stop for driving erratically and found marijuana and paraphernalia in the car. McConnelee refused to provide a urine sample under the implied consent procedure. McConnelee was charged in case FECR081239 with possession of marijuana with intent to deliver, in violation of section 124.401(1)(d), and operating while intoxicated first offense, in violation of section 321J.2.

McConnelee entered into a plea agreement with the State. The State lowered each count of possession of marijuana with intent to deliver, a class "D" felony, to possession of marijuana, third or subsequent offense, an aggravated misdemeanor. McConnelee entered an *Alford* plea[1] to possession of marijuana, third or subsequent offense; possession of methamphetamine, third or subsequent offense; and operating while intoxicated, first offense, in case FECR081081. He entered an *Alford* plea to possession of marijuana, third or subsequent offense, and possession of alprazolam, third or subsequent offense, in case FECR081232. Finally, he entered an *Alford* plea to possession of marijuana, third or subsequent offense, and operating while intoxicated, first offense, in case FECR081239. The

---

[1] In an *Alford* plea, an accused acknowledges the evidence negates his claim of innocence and enters a guilty plea without admitting guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

district court accepted McConnelee's guilty pleas at a hearing on September 7, 2017.

An email dated September 5 from the county attorney to McConnelee's counsel set forth the plea agreement: "Each party free to argue any/all aspects of sentencing." But when the county attorney recited the plea agreement to the court at the plea hearing on September 7, he characterized the State's sentencing recommendation as "State is agreeing to ask for—well, essentially the State is going to ask for at least a five-year sentence imposed—prison sentence imposed. However, the [presentence investigation (PSI) report] recommends any consecutive sentences or anything higher than the 5 years, the State will follow the recommendations of the PSI." The email version of the plea agreement was not provided to the court at the plea hearing.

The sentencing hearing was held on October 24. The PSI report recommended prison for each count, with the sentences for each case to be run consecutive to each other. McConnelee asked for a suspended sentence and probation. The State recommended prison for each count, with every count and every case to run consecutively. The court sentenced McConnelee to prison for each count and ordered fines for each count, with the fines on the drug counts suspended. The court ordered the prison sentences for counts within each case to run concurrently, but for the three cases to run consecutive to each other.

McConnelee appeals, claiming ineffective assistance of counsel for trial counsel's failure to object to the State's sentencing recommendation as a breach of the plea agreement.

## II.     Standard of Review

"We review ineffective-assistance-of-counsel claims de novo."  *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).  We ordinarily preserve such claims for postconviction proceedings, but may resolve them on direct appeal if the record is adequate.  *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).  When the claim involves a breach of a plea agreement, the record is adequate if it clearly reveals the agreement reached by the parties.  *Bearse*, 748 N.W.2d at 214.

## III.     Merits

"To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure."  *State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010).  A defendant must prove both elements.  *Id.* at 266.  "Counsel does not fail to perform an essential duty by failing to raise a meritless objection."  *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

When a prosecutor breaches a plea agreement, "a reasonably competent attorney would make an objection on the record to 'ensure that the defendant receive[s] the benefit of the agreement.'"  *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011) (quoting *Bearse*, 748 N.W.2d at 217).  Defense counsel has a clear duty to object, and failure to object cannot be considered a valid trial strategy or tactic.  *Bearse*, 748 N.W.2d at 217.

"[T]o determine whether counsel failed to perform an essential duty in failing to object to the prosecutor's recommendation, we must first determine whether the State breached the plea agreement.  If the State did not breach the plea

agreement, defense counsel could not have been ineffective." *Id.* at 215 (citation omitted).

## A. Breach of Plea Agreement

Our first step in determining whether the State breached the plea agreement is to determine which sentencing recommendation is part of the plea agreement. The Iowa Rules of Criminal Procedure require the terms of a plea agreement to be disclosed on the record at the plea hearing at the time the plea is offered. Iowa Rs. Crim. P. 2.8(2)(c) ("The terms of any plea agreement shall be disclosed of record as provided in rule 2.10(2)."), .10(2) ("If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered."). "The terms disclosed in open court at the time the plea is offered are the only enforceable terms of the agreement—absent some extraordinary circumstances." *State v. Coleman*, No. 12-1557, 2013 WL 3458181, at *3 (Iowa Ct. App. July 10, 2013); *see Baker v. United States*, 781 F.2d 84, 90 (6th Cir. 1986) (holding where the plea colloquy was fully adequate and absent extraordinary circumstances the plea agreement consists of the terms revealed in open court).

During the plea hearing, immediately after a recitation of the charges McConnelee agreed to plead to, the State described the sentencing agreement as follows:

> STATE: State is agreeing to ask for—well, essentially the State is going to ask for at least a five-year sentence imposed—prison sentence imposed. However, the PSI recommends any consecutive sentences or anything higher than the 5 years, the State will follow the recommendations of the PSI.
> COURT: Okay. [Defense counsel], is that your understanding of the agreement between the parties?

> DEFENSE: Yes, Your Honor. And the defense is free to argue for a different disposition.

With this understanding of the sentencing recommendation, McConnelee then entered *Alford* guilty pleas to the charges contained in the plea agreement.

Because plea agreements require a defendant to waive fundamental rights, we hold prosecutors to strict standards of promise and performance. *Bearse*, 748 N.W.2d at 215. The State did not submit the email with its version of the agreement into the record at the plea hearing. The State cannot supplement the record with a different plea agreement than disclosed in open court on the record after the plea has been entered. *See State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003).

The plea agreement disclosed on the record at the plea hearing requires the State to ask for a five-year sentence or follow the recommendations of the PSI. The PSI recommended the sentences for the three cases run consecutively. The State's recommendation to run all charges in all three cases consecutively exceeds the scope of and does not follow the PSI recommendation, and therefore breached the plea agreement.

## B.     Defense Counsel Response

A prosecutor's breach of the plea agreement taints the entire sentencing proceeding. *State v. King*, 576 N.W.2d 369, 371 (Iowa 1998)*.* A proper objection by defense counsel alerts the sentencing court to the prosecutor's breach of the plea agreement. *State v. Horness*, 600 N.W.2d 294, 301 (Iowa 1999). "[O]nly by objecting could counsel ensure that the defendant received the benefit of the agreement." *Id.* at 300. "[T]he prudent action to be taken by a sentencing court when faced with a similar breach would be to stop the proceeding and determine

the appropriate remedy necessary to ensure the interests of justice are served—either withdrawal of the guilty plea or resentencing before another judge." *King*, 576 N.W.2d at 371. For this reason, "prejudice is presumed when defense counsel fails to object to the state's breach of a plea agreement at the sentencing hearing." *Lopez*, 872 N.W.2d at 170.

During the sentencing hearing, the State recommended all counts run consecutively twice: during the initial recommendation and then as a clarification for the court. Defense counsel did not object either time. After the court pronounced McConnelee's sentence, defense counsel raised the State's breach of the agreement in its recommendation and the court made the following record:

> DEFENSE: I just, if I could make a record now, um, with respect to I guess the PSI recommendation, I did want to bring to the court's attention that the State was going to recommend concurrent time or whatever was recommended in the presentence investigation, so I'm a little concerned with what the State recommended is not in compliance with the plea agreement if this court is disregarding the recommendation contained in the presentence investigation. And even if that's the case, um, the presentence investigation recommended that the cases run consecutive to one another, but it doesn't say anything about the counts running consecutive to one another, so I just want to put on the record, I believe that this is—may cause appellate issues because the recommendation by the State is beyond what they had agreed to in the plea agreement.
>
> And then also that if we're not going by what the PSI recommended, I don't know that the State can make a recommendation as they did if it's being disregarded what was being recommended.
>
> COURT: [State counsel]?
>
> STATE: Your Honor, thank you. What I have as far as what the plea agreement was between the parties was a written document that I sent [defense counsel] that outlines the details of each count for each case and specifically provides each party is free to argue any and all aspects of sentencing.
>
> COURT: Okay. And the court was not—I did not take the guilty pleas, so I have no idea what record was made at that time

beyond what the parties have represented here. The court notes [defense counsel]'s concerns for the record.

Defense counsel's failure to object before the court pronounced the sentence prevented McConnelee from receiving the benefit of the plea agreement of record. *See State v. Bergmann*, 600 N.W.2d 311, 314 (Iowa 1999). Nor did defense counsel ask the court to take appropriate remedial actions. No valid trial tactic or strategy can support a failure to timely object to the State's breach. *See Bearse*, 748 N.W.2d at 217. A record made after judgment has been entered does not cure the failure to timely object to the State's sentencing recommendation. Defense counsel failed to perform an essential duty by failing to timely object to the prosecutor's breach of the plea agreement. We presume McConnelee was prejudiced by defense counsel's failure. *See Lopez*, 872 N.W.2d at 170.

McConnelee does not seek the opportunity to withdraw his plea but is entitled to a new sentencing hearing where the prosecutor's recommendation complies with the plea agreement. We remand for resentencing before another judge. *See King*, 576 N.W.2d at 371.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**