# IN THE COURT OF APPEALS OF IOWA

No. 18-0059
Filed January 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CONNELL LAMB,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.


        Connell Lamb appeals his sentences for child endangerment and domestic

abuse causing bodily injury. **SENTENCES VACATED AND REMANDED FOR**

**RESENTENCING.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Connell Lamb appeals his sentences for child endangerment and domestic abuse assault causing bodily injury. Lamb claims the State failed to adhere to the terms of the plea agreement at sentencing and the district court abused its discretion in sentencing. We find the State breached the plea agreement in its sentencing recommendation and Lamb's counsel was ineffective in failing to object to the breach. We vacate Lamb's sentences and remand for resentencing before another judge.

### I.       Background Facts & Proceedings

On May 9, 2017, Lamb had an altercation with his girlfriend, then her sister who was holding his child at the time. As a result of the altercation, the girlfriend sustained a back injury, and the child's head struck a wall causing a head injury. The State charged Lamb with child endangerment, in violation of Iowa Code section 726.6 (2017), and domestic abuse assault causing bodily injury second offense, in violation of section 708.2A(3)(b).

On October 3, the day trial was to begin, the State made a plea offer to Lamb. After a brief recess to confer with his counsel, Lamb entered into a limited plea agreement with the State. Lamb entered *Alford* guilty pleas to both counts.[1] The State agreed to dismiss a separate misdemeanor charge as well as recommend suspended sentences, fines, and surcharges, and completion of a domestic-abuse-prevention course. Lamb intended to request a deferred

---

[1]    In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt, but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

judgment. The only difference between the State's offer and the limited plea agreement was Lamb entered an *Alford* guilty plea rather than a standard guilty plea.

At sentencing, the State told the court no plea agreement had been reached and advocated prison terms for each count. Lamb's counsel requested a deferred judgment and noted the State's change in position since the plea had been entered. Counsel did not object or tell the court the State was breaching the plea agreement. Lamb was sentenced to concurrent terms of incarceration of five years and two years as the State recommended. Lamb appeals.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Counsel is presumed competent, and a defendant must show by a preponderance of evidence that counsel's performance did not meet an objective standard of reasonableness. *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006).

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553.

### III. Analysis

Lamb claims his counsel was ineffective by failing to object when the State did not adhere to the terms of the plea agreement at sentencing. Lamb further claims the district court abused its discretion in sentencing him to incarceration. Because we find the first claim determinative, we do not reach Lamb's second claim.

First, we must determine if the State breached the plea agreement. "If the State did not breach the plea agreement, defense counsel could not have been ineffective." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). A breach of the terms or spirit of the plea agreement by the prosecutor requires reversal of the conviction or vacation of the sentence. *State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011).

The State claims the sentencing recommendation was not part of a plea agreement so a change in the State's recommendation could not constitute a breach. Plea agreements can, and often do, provide for a recommended sentence from the State with the defendant free to argue for a lesser sentence. "The terms disclosed in open court at the time the plea is offered are the only enforceable terms of the agreement—absent some extraordinary circumstances." *State v. Coleman*, No. 12-1557, 2013 WL 3458181, at *3 (Iowa Ct. App. July 10, 2013). We hold prosecutors to meticulous standards of promise and performance, and "[t]hese standards demand of prosecutors strict, not substantial, compliance with the terms of plea agreements." *Fannon*, 799 N.W.2d at 522.

The State set forth the terms of the plea agreement in open court as follows:

> For the record, Your Honor, the plea agreement anticipates that at sentencing there would be an argument. The defendant would plead to Count I and Count II as charged. This is an *Alford* plea. We would ask for a suspended fines in both Count I and Count II other than the fines that cannot be suspended, like the domestic abuse surcharge.
>
> We would also—at sentencing the State will ask that the defendant be granted a suspended sentence of two to five years under the Department of Correctional Services. That Count I and Count II would run concurrent to each other.
>
> I believe the defense does intend to ask for a deferred judgment in Count I of sentencing. The State is allowed to resist and not ask for a deferred judgment in that count.
>
> . . . I believe, Your Honor, that those are the major terms of the plea agreement that we presented in front of the court.

Defense counsel and Lamb agreed this was consistent with their understanding of the agreement. The State's recitation followed an earlier statement by defense counsel specifically identifying the State's position under the plea agreement as Lamb receiving a suspended sentence for each charge. After a colloquy with Lamb, the court accepted his pleas.

Lamb's sentencing hearing occurred three months after he entered his pleas. The State presented ten photos of the child's injuries and a recording of the 911 call from the altercation. The State asked the court to sentence Lamb to incarceration for each offense and to suspend the related fines while Lamb would be incarcerated. The State offered as a rationale for the sentence a prior deferred judgment and perceived minimization of his behaviors during his presentence investigation interview.

Following the State's recommendation, Lamb's counsel commented:

> Well, it appears between December[2] 3rd and today's date the position of the State has changed dramatically. At the time the *Alford* pleas were entered, the State was recommending a suspended

---

2  The plea hearing occurred October 3, not December 3.

prison sentence, suspended fine and probation. Now, we're not saying that the state has violated any sort of plea agreement because Mr. Lamb declined that offer and elected to pursue on his own, but for some reason the state has changed its position.

Lamb's counsel proceeded to request a deferred judgment. The State told the court there was no plea agreement at the time of the plea. The court followed the State's recommendation and sentenced Lamb to incarceration for each count.

The record before us shows at the plea hearing both parties recited a plea agreement to the court and a suspended sentence recommendation was part of the plea agreement in both recitations. The State even offered Lamb's very limited Iowa criminal history as a reason for the suspended-sentence recommendation at the plea hearing. The plea agreement contemplated Lamb could request a deferred judgment and the State could resist the request. The agreement as disclosed to the court did not state both parties were free to argue any sentence. We note the State complied with the other terms of the plea agreement, including dismissal of the separate misdemeanor charge.

We hold the State to all the terms of the plea agreement disclosed on the record at the plea hearing. Both the State and defense counsel described a plea agreement on the record. The State breached the agreement by recommending incarceration instead of a suspended sentence. A proper objection by defense counsel would have alerted the sentencing court to the prosecutor's breach of the plea agreement. *See State v. Horness*, 600 N.W.2d 294, 301 (Iowa 1999). Lamb's counsel noted the change in position but did not inform the court the State had violated the plea agreement, instead saying Lamb had declined the plea agreement offer. When defense counsel fails to object to the State's breach of a

plea agreement at sentencing, we presume prejudice. *State v. Lopez*, 872 N.W.2d 159, 170 (Iowa 2015).

We find the State breached the plea agreement. Lamb is entitled to a new sentencing hearing where the State's recommendation complies with the plea agreement. We remand for resentencing before another judge. *See State v. King*, 576 N.W.2d 369, 371 (Iowa 1998).

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**