# IN THE COURT OF APPEALS OF IOWA

No. 21-0101
Filed December 15, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MYCHAEL RICHARD PATTEN,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Lee (North) County, John M. Wright, Judge.


Mychael Patten appeals his sentences, asserting the State breached the plea agreement. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Considered by Bower, C.J., Vaitheswaran, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

In November 2020, Mychael Patten pleaded guilty to: (Count 1) domestic abuse assault, strangulation with bodily injury; (Count 2) child endangerment, substantial risk; (Count 3) assault with a dangerous weapon; and (Count 4) false imprisonment. The plea results from a report by Patten's wife that he assaulted her, threatened her with a firearm, and confined her in their home all while their three-year-old daughter was present. As part of a plea agreement, Patten and the State jointly agreed to recommend suspended sentences to run consecutively for a total suspended term of incarceration of ten years. On January 8, 2021, the district court held a sentencing hearing and sentenced Patten to terms of incarceration not to exceed five years for Count 1, two years for Count 2, two years for Count 3, and 365 days for Count 4 with credit for time served and the remaining time suspended. Counts 2 and 3 ran concurrently with each other and consecutive to Count 1, for a total term of incarceration not to exceed seven years. The suspended sentence of Count 4 also ran consecutively to the other sentences. Patten appeals, arguing the State breached the plea agreement through the prosecutor's statements at sentencing.[1]

We review a claim the State breached a plea agreement for correction of errors at law. *State v. King*, 576 N.W.2d 369, 370 (Iowa 1998). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is

---

[1] A defendant does not have the right to appeal from a guilty plea unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3) (2021). Patten asserts he has good cause to appeal because he claims the State breached the plea agreement. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (finding good cause for appeal when the defendant claims the State breached the plea agreement). The State agrees Patten established good cause.

whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Boldon*, 954 N.W.2d at 71 (quoting *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). "Where the prosecutor has agreed to make a particular sentencing recommendation, the prosecutor must do more than 'simply inform[ ] the court of the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise.'" *Id.* (alteration in original) (quoting *Frencher*, 873 N.W.2d at 284).

At sentencing, the prosecutor explained the State's recommendation:

> Your Honor, the State is asking that the Court adopt the plea agreement that is outlined in the Presentence Investigation Report that was agreed to by the parties.
> For the Court's information, the sole reason for this recommendation by the State is based on conversations with the victim herself. And ordinarily that doesn't necessarily drive the State's recommendation, but based on the conversations with her and her sincere desire for the Defendant to be able to have a relationship with his daughter, she felt that that was of utmost importance and priority to give him this opportunity for a suspended sentence on these matters . . . .
> . . . .
> But for the Court's information, that is the sole driving force and the reason for the State's recommendation in this matter.

Patten argues the prosecutor "implied her disapproval" of the recommended sentence by pointing to the victim's wishes as "the sole driving force" behind the recommendation. *See State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008) ("Our system of justice . . . does not allow prosecutors to make sentencing recommendations with a wink and a nod."); *see also State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999) (finding the prosecutor is required "to present the

recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance").

In imposing Patten's sentences, the district court noted it "considered the entire Presentence Investigation Report" and provided the following explanation to Patten:

> You're twenty-nine years old. You're not a youthful offender. You do have a high school education. However, there are two factors that weigh heavily in my decision. One is your criminal history. And the fact that you were on probation for a felony at the time you committed these crimes clearly indicates to the Court that you had no intention of obeying the law.
> While I understand how [your counsel] is trying to paint a picture of you complying with the terms of probation, he does admit that there is a huge gap there, a hole in his argument on your behalf, because you committed these offenses while you were being rehabilitated by the State of Iowa. So clearly probation was not effective.
> And the other point that I would make is that these are very serious crimes.

Patten's counsel then clarified Patten was on probation for an aggravated misdemeanor[2] and had no prior felony convictions. The court acknowledged it misspoke and continued:

> [T]he conviction for which he was serving probation was of a serious nature. And regardless if it was an aggravated misdemeanor or a felony, the fact that he was on probation at the time that he committed these offenses clearly indicates to the Court that he has no ability or desire for that matter to abide by the terms and conditions of his probation.

---

[2] The Presentence Investigation Report states Patten was convicted of invasion of privacy in October 2019 and sentenced to two years of probation with a requirement that he register as a sex offender for ten years.

The court's thorough explanation makes clear the court considered the big picture in sentencing Patten to incarceration, regardless of how forcefully the prosecutor emphasized the State's recommendation of a suspended sentence. Furthermore, the prosecutor never referred to the sentencing factors the court cited: Patten's age, education, criminal history and probation violation, and the seriousness of his offenses. While the Presentence Investigation Report recommended incarceration, the prosecutor never mentioned this recommendation nor suggested the court ignore the State's recommendation. At most, the prosecutor's reference to the victim's wishes justified a suspended sentence when the facts may otherwise call for incarceration, thereby providing the court with a reason to impose a suspended sentence. We cannot find the prosecutor explicitly or implicitly disapproved of the State's recommendation of a suspended sentence or otherwise indicated incarceration would be more appropriate. *See Boldon*, 954 N.W.2d at 72 (finding "the prosecutor expressed no material reservation regarding the plea agreement"). Therefore, we reject Patten's claim the State breached the plea agreement.

**AFFIRMED.**