# IN THE COURT OF APPEALS OF IOWA

No. 25-1245
Filed April 29, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Elizabeth Joann Kopish,**
Defendant–Appellant.

Appeal from the Iowa District Court for Linn County,
The Honorable Mark D. Fisher, Judge.

**AFFIRMED**

Thomas M. McIntee, Williamsburg, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

You cannot breach a promise you never made. Here, the State made no promise as to its sentencing recommendation and instead reserved its position pending the presentence investigation report (PSI). Thus, the proceeding was open—and the State remained free to advocate accordingly. And because our review of the record reveals the court considered appropriate sentencing factors, no abuse of discretion occurred. We affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The State charged Elizabeth Kopish with eluding while exceeding the speed limit by twenty-five miles per hour or more, a class "D" felony, in violation of Iowa Code section 321.279(2)(a) (2024).

The charge arose from events occurring on the morning of August 2024. Law enforcement officers—who were attempting to locate Kopish in connection with a separate investigation—observed a vehicle registered to her leaving her residence in Cedar Rapids. After confirming the registration, officers activated their emergency lights to initiate a stop. Rather than stopping, the vehicle accelerated, proceeded through a red light, and entered oncoming traffic to pass another vehicle before briefly stopping near a highway on-ramp. As officers approached on foot, the vehicle fled onto Highway 30, prompting a pursuit with lights and sirens activated.

During the pursuit, the vehicle exited onto Kirkwood Boulevard and traveled through an area that included a school. The vehicle reached speeds significantly above posted limits—approximately 60 miles per hour in a 35-mile-per-hour zone and at times exceeding 100 miles per hour in a 45-mile-per-hour zone. The pursuit concluded when the vehicle returned to Kopish's

residence, where she pulled into a garage and was taken into custody without further incident.

In May 2025, Kopish entered a written guilty plea. Relevant to this appeal, the plea agreement indicated that Kopish would request a deferred judgment and that the State "would like to see [the] PSI." The district court accepted the plea and ordered the preparation of a PSI. The court also released Kopish pending sentencing under supervision.

The PSI was filed on July 22. The report recommended a suspended five-year term of incarceration with a period of probation, and identified both mitigating and aggravating considerations, including Kopish's personal circumstances and assessed concerns regarding compliance, substance abuse, and acceptance of responsibility.

The matter proceeded to sentencing on July 29. The State requested a suspended prison sentence with probation for a period of five years. Following the hearing, the district court entered judgment and sentence, adjudicating Kopish guilty of eluding as charged. The court imposed an indeterminate term of incarceration not to exceed five years, suspended a $1,025 fine with applicable surcharge, and ordered restitution, costs, and other statutory obligations. In determining the appropriate sentence, the court considered the record, including the PSI, the nature and circumstances of the offense, and Kopish's history and characteristics, concluding that the sentence imposed balanced the goals of rehabilitation and community protection.

Kopish now appeals, arguing that the State breached the plea agreement by failing to "earnestly advocate for a suspended sentence and

supervised probation." In addition, Kopish contends that the court abused its discretion by considering improper sentencing factors.

## STANDARD OF REVIEW

Review of an allegation that the State breached a plea agreement during sentencing is for errors at law. *State v. King*, 576 N.W.2d 369, 370 (Iowa 1998). We review a district court's specific sentencing decision for abuse of discretion. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

## DISCUSSION

### I.    Breach of Plea Agreement

When a plea agreement requires the State to recommend a particular sentence, the prosecutor must do more than merely recite the agreement; the State must present the recommendation with its approval and indicate it is worthy of the court's acceptance. *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999).

Here it is well worth repeating that the only sentencing-related term the State agreed to was to "see [the] PSI" while allowing for Kopish to argue for a deferred judgment. It did exactly that. Seeing the PSI is different than agreeing to the PSI. The dispositive inquiry is whether the prosecutor failed to fulfill a promise actually made—whether the State "acted contrary to the common purpose of the plea agreement" and deprived the defendant of the

benefit of the bargain. *State v. Patten*, 981 N.W.2d 126, 131 (Iowa 2022) (citation omitted). That inquiry resolves this claim.

Unlike cases in which the State expressly agrees to recommend a specific sentence, the plea agreement here imposed no such obligation. The agreement permitted Kopish to request a deferred judgment, while the State expressly reserved its position pending review of the presentence investigation report. In practical effect, this was an open sentencing, with the only limitation being that Kopish remained free to argue for a deferred judgment. Because the State did not promise to recommend a suspended sentence, probation, or any other particular sentence, there was no shared "common purpose" as to sentencing and no "justified expectation" that the State would advocate for leniency. *See id*. Without a promise, there can be no breach.

Nothing in this record suggests the State acted contrary to any agreed limitation. To the contrary, the State did precisely what the agreement contemplated—it reviewed the PSI and made a recommendation informed by that report. It is noteworthy that even though the State could have argued for a prison sentence, it actually recommended a suspended prison sentence. The plea agreement allowed Kopish to seek a deferred judgment while leaving the State free to determine its sentencing position after reviewing the PSI. That reservation rendered the sentencing effectively open. Because the State was not bound to advocate for any particular outcome, its conduct at sentencing did not breach the plea agreement. Kopish's claim of breach fails.

## II.    Abuse of Sentencing Discretion

A sentencing "court shall state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and

propensity of the offender, and the chances of reform" along with the defendant's criminal history, family circumstances, and the societal goals of sentencing. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted). The district court's statement may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At sentencing, the district court gave an explanation of its decision to not suspend Kopish's sentence:

> In determining the appropriate sentencing disposition, I have considered all the sentencing options available in this case in order to arrive at a sentence that provides maximum opportunity for [Kopish]'s rehabilitation and at the same time protect the community for further offenses by [Kopish] and others.

> In this case, I've considered all the relevant circumstances, including [Kopish]'s age, prior criminal record, employment history, family circumstances, health, and the nature of the offense.

> I've also considered the need to protect the community through deterrence, not just from future crimes by [Kopish], but also from the commission of similar crimes by others.

> In this case, I do find . . . that the offense is a very serious one. Going over 100 miles an hour in a school area, people could have been killed, people could have been severely hurt, and I don't find that [Kopish] has taken appropriate note of that. I don't find her statement here today to be genuine. I do believe that the PSI accurately reflects a lack of remorse, a lack of follow-through, and a lack of ability to address what's happened.

> Therefore, I do find [Kopish] is sentenced to be confined for an indeterminate term not to exceed five years. I will not suspend that sentence.

Upon our review, we determine that the district court did not abuse its discretion in imposing a carceral sentence. Each of the factors the district court discussed is a proper sentencing factor. *See* Iowa Code § 901.5. Given the sentence is based on proper factors and is sufficiently explained, we discern no abuse of discretion and will not disturb it. *See Formaro*, 638 N.W.2d at 724. To the extent that Kopish asks us to reweigh the factors and grant her probation, we decline to do so on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023).

**AFFIRMED.**