# IN THE COURT OF APPEALS OF IOWA

No. 25-1531
Filed May 27, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Justin Jerome Jolly,**
Defendant–Appellant.

Appeal from the Iowa District Court for Mitchell County,
The Honorable Elizabeth Batey, Judge.

**AFFIRMED**

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Plea bargaining is, as the Supreme Court has observed, not merely an "adjunct to the criminal justice system; it *is* the criminal justice system." *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (citation omitted); *accord State v. Patten*, 981 N.W.2d 126, 127–28 (Iowa 2022). And because a defendant who pleads guilty surrenders constitutional rights of the first order, we hold prosecutors to a heightened duty to keep the promises they make in exchange. Justin Jolly contends that the State breached his plea agreement at sentencing in two respects: first, by failing to advise the district court that the agreement was binding under Iowa Rule of Criminal Procedure 2.10; and second, by failing to recite—a second time—that his operating-while-intoxicated sentence would run concurrently with the sentence imposed upon revocation of his probation. Because the prosecutor did not fail in that heightened duty and Jolly received the benefit of his bargain, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The State charged Jolly with operating while intoxicated (OWI), third or subsequent offense, a class "D" felony, in violation of Iowa Code section 321J.2(2)(c) (2025). The matter was consolidated for plea purposes with three other Mitchell County cases: a probation revocation in OWCR026210 (a prior OWI), and two separate harassment charges (SRCR027228 and SRCR027230).

On June 3, 2025, a pre-trial conference was held and established the contours of a global resolution. Defense counsel described the agreement: Jolly would plead guilty to OWI third as charged for a five-year prison term and statutory fines; he would stipulate to revocation of his probation for the prior OWI with imposition of the original five-year sentence; he would plead guilty to simple harassment in SRCR027228; and the remaining harassment

2

case would be dismissed. Counsel stated that all sentences would run concurrently and that this was a joint recommendation, further representing that the parties had "discussed with the Court that it would be a rule 2.10." The prosecutor added the case numbers but did not otherwise expand on defense counsel's recitation.

On June 30, Jolly executed a written guilty plea. Paragraph 5 of the written plea recited that "[t]he Court is bound by the plea agreement and I may withdraw my plea if the Court advises it will not be adopting the below sentence." The district court accepted the plea on July 1 and set a sentencing hearing.

Sentencing was held on August 26. At the outset, the district court raised a concern about the binding character of the pleas. The court observed that while the written plea in SRCR027228 (and, as the court later noted, the written plea in this OWI) recited that the court would be bound, the plea in the probation revocation contemplated that Jolly would make his own sentencing recommendation. After a brief off-the-record discussion, defense counsel told the court that the binding language was an error: "I believe that would have been a—just a—a mistake in—in writing up the plea agreement on my behalf. I must have reused a draft that had—had that language added to it."

Defense counsel acknowledged on the record that "the only way to get a rule 2.10 plea is for the . . . Court to agree to it in advance; and that wasn't done in this case." The district court, however, advised counsel that the matter was not foreclosed, explaining that the court could inform Jolly at sentencing that it would not agree to be bound, in which event Jolly could elect to either proceed or withdraw his plea without penalty. The court then granted a recess so counsel could confer with the prosecutor and with Jolly.

3

When sentencing resumed, defense counsel stated: "[W]e're going to proceed, and we're going to make—you know, just make a recommendation and then go from there. So we're not going to withdraw any pleas, or anything. We're just going to go ahead and proceed with sentencing, Your Honor." The court asked directly whether the plea agreement was to be treated as binding. Counsel answered, "It would not be a binding plea on the Court." The prosecutor confirmed: "Yes, Your Honor. That's fine with us." Jolly was not separately addressed on the record concerning this change in the character of the agreement.

The court turned first to the probation revocation. Jolly stipulated to revocation and asked that the original five-year sentence be imposed with credit for time served. The State concurred, and the court revoked probation and imposed the original sentence accordingly. The court then proceeded to SRCR027228. The prosecutor recommended:

> The State's recommendation is properly stated in paragraph 5 of the plea agreement. In the case SRCR027228, the State is recommending thirty days in jail, no fine. The State is asking that the no contact order be extended for five years, Your Honor. And then this would be—*Just to make a complete record, this would run concurrent with the other charge which we're sentencing on today, the* [*present OWI charge*]*, Your Honor.*

(emphasis added). Defense counsel joined in the recommendation. The court imposed a thirty-day jail term with credit for time served, to run concurrently with the sentence in the probation revocation.

The court then took up the present OWI charge. The prosecutor recommended:

> The State's recommendation is properly stated in paragraph 5 of the plea agreement. The State is recommending that a five-year prison sentence be imposed, $3,125 fine, complete a substance evaluation and follow through with treatment, complete the drinking driver's course, Your Honor.

When asked for the reasons supporting the recommendation, the prosecutor responded that "Mr. Jolly's criminal history was the primary concern." The prosecutor did not separately state that the present OWI sentence was to run concurrently with the probation-revocation sentence. But as referenced above, he did previously indicate that the probation revocation would run concurrently to the present OWI charge. Defense counsel asked the court to follow the recommendations of the parties and the presentence investigation (PSI) report. Jolly declined to make a statement in allocution.

The court sentenced Jolly to an indeterminate term not to exceed five years on the present OWI charge, to be served consecutively to the five-year sentence imposed in the probation revocation. In explaining the consecutive sentence, the court cited Jolly's continuing violations of the law, his disregard for court orders, and the rule of law. The written judgment and sentence followed the same day.

Jolly now appeals. He contends that the prosecutor breached the plea agreement in two respects: by failing to advise the court that the agreement was binding under Iowa Rule of Criminal Procedure 2.10, and by failing to affirmatively recommend that the present-OWI-charge sentence run concurrently with the probation-revocation sentence. He seeks resentencing before a different judge.

## STANDARD OF REVIEW

Review of an allegation that the State breached a plea agreement during sentencing is for errors at law. *State v. King*, 576 N.W.2d 369, 370 (Iowa 1998).

# DISCUSSION

Jolly raises two arguments. He contends first that the prosecutor breached the plea agreement by failing to inform the district court that the agreement was binding under rule 2.10. He also contends that the prosecutor breached the agreement by failing to affirmatively recommend that the sentence in the present OWI charge run concurrently with the probation-revocation sentence. Neither contention persuades us.

As to rule 2.10, after noting inconsistencies in the written pleas and a brief recess for defense counsel to discuss the inconsistencies with his client, the sentencing court specifically asked defense counsel if the plea agreement was to be treated as binding on the court. Defense counsel responded, "It would not be a binding plea on the Court." Counsel further explained that the binding nature of the plea agreement was a drafting error on his part. Such repudiation had nothing to do with the State. Our case law does not require the prosecutor to override defense counsel and resurrect a binding plea provision that defense counsel has just disclaimed as the product of his own clerical mistake. To impose such a duty would invert roles: it would make the prosecutor responsible for litigating the defendant's position against the defendant's own attorney. Jolly cannot now protest the very thing his attorney effectuated. Such a claim is more properly reserved for postconviction relief to allow counsel the opportunity to explain his actions. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).[1]

---

[1] We also note what the district court did and did not do. The court did not seize on the discrepancy to escape a binding plea; it offered Jolly the opposite course, reminding counsel that even at sentencing the court could decline to be bound and Jolly could then "choose to move forward with sentencing or withdraw his plea without penalty." Defense counsel, after consulting with Jolly, elected to proceed. Whatever else may be said of that choice, it was not engineered by the prosecutor.

The issue of concurrent versus consecutive sentencing is a harder question to answer. Plea bargaining is no marginal feature of our criminal justice system; as the Supreme Court has put it, "it *is* the criminal justice system." *Frye*, 566 U.S. at 144. Because a defendant who pleads guilty surrenders constitutional rights of the first order, we hold prosecutors to "a heightened expectation . . . to meticulously carry out the promises they make as part of a plea deal." *Patten*, 981 N.W.2d at 128. The inquiry, however, is not mechanical.

Whether a prosecutor has performed a sentencing recommendation "cannot be reduced to a bright-line, one-size-fits-all rule." *Id.* Context "is the paramount consideration." *Id.* "Perhaps even more important than what the prosecutor does in any given case is how she does it—what she says, in what way, and with what implication." *Id.* The decisive question is "whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* at 131 (citation omitted).

The context here cuts against Jolly. Just minutes earlier, when recommending the sentence in the companion harassment case, SRCR027228, the prosecutor had told the court—"[j]ust to make a complete record"—that "this would run concurrent with the other charge which we're sentencing on today, the [present OWI charge], Your Honor." That statement reveals the prosecutor affirmatively placing that term of the bargain on the record, in the same hearing, on the same set of pleas, before the same judge. Concurrency between the harassment count and the present OWI charge is a relationship between two sentences; once the prosecutor stated it from one side, the court was on notice of it from the other. The prosecutor's later, more compressed recitation as to the present OWI

charge—anchored expressly to "paragraph 5 of the plea agreement," which itself recited that "All Charges run concurrent"—did not retract what the prosecutor had just said.

Nothing in the sentencing transcript suggests retraction, hesitation, or qualification. The prosecutor did not propose an alternative sentence, did not invite the court to depart from the bargain, did not flag a more severe PSI-report recommendation, and did not remind the court of its discretion to reject the parties' deal. And defense counsel's silence reinforces the point. Counsel was present throughout, had drafted the written plea, and had just navigated the rule 2.10 colloquy with the court. If counsel had perceived the prosecutor's recommendation in the present OWI charge to be a quiet retreat from concurrency, he did not say so. To be clear, we do not require a contemporaneous objection to preserve the issue; rather, we highlight defense counsel's silence as probative of context under *Patten*'s context-driven inquiry. *Id.* at 128. That is, the absence of any contemporaneous suggestion that the prosecutor had walked away from concurrency is one more piece of evidence that he had not.

We are mindful that strict compliance is the rule and that "inadvertence by a prosecutor will not excuse noncompliance." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). The strict-compliance rule, however, is not a rule requiring liturgical repetition. *Patten* itself rejects any "bright-line" approach. 981 N.W.2d at 128. A prosecutor who has plainly placed a term of the bargain before the court, in the same hearing, in connection with the very sentences at issue, has not breached the agreement merely because he does not recite that term a second time when its incorporation by reference to "paragraph 5" already captures it. To hold otherwise would convert *Patten*'s context-sensitive inquiry into a script-

following exercise. We accordingly hold that the prosecutor did not breach the plea agreement and that Jolly received the benefit of his bargain. The sentence of the district court is affirmed.

**AFFIRMED.**