**STATE of Iowa, Appellee,**

v.

**Cesar CARRILLO, Appellant.**

**No. 98–406.**

Supreme Court of Iowa.

July 8, 1999.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Steve Johnson, County Attorney, and James W. Cleverley, Jr., Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and CADY, JJ.

PER CURIAM.

Defendant, Cesar Carrillo, appeals the sentences entered following his guilty pleas to two counts of possession of a controlled substance (methamphetamine; marijuana) with intent to deliver. *See* Iowa Code §§ 124.401(1)(b)(7), 124.401(1)(d) (1997). Carrillo complains his counsel was ineffective by not objecting at sentencing when, contrary to the parties' plea agreement, the prosecutor recommended that Carrillo serve a sentence of incarceration. We agree with Carrillo, vacate his sentence, and remand for resentencing.

Carrillo was charged by trial information with the two drug offenses and with failure to affix a drug tax stamp. *See* Iowa Code §§ 453B.3, 453B.12. He pleaded guilty to the delivery charges as part of a plea agreement. In exchange, the State agreed to dismiss the tax stamp charge. The State also made an additional agreement which is the subject of this appeal. The record of the plea hearing contains the following description of the second portion of the deal:

> COURT: Mr. Luthens [defense counsel], what record do you wish to make?
>
> DEFENSE COUNSEL: Your Honor, that's also my understanding of the plea agreement today, and it's also my understanding that with regard to the sentencing of this matter that the county attorney will not oppose the Defendant asking for a suspended sentence at that time and that in addition that the county attorney will not be seeking an enhancement with regard to the alleged crime being within 1,000 feet of a park, school or similar entity.
>
> PROSECUTOR: That's true, Your Honor, except the part about the suspended sentence. I don't want the Court to think that the prosecution is recommending or approving the suspended sentence. It's just one of those [buy]-your-silence kind of deals.
>
> COURT: I understand....

The court accepted Carrillo's guilty plea.

A different judge presided at sentencing, and a different county attorney represented the State. When the court asked for the State's position, the prosecutor recommended that Carrillo be incarcerated for an indeterminate twenty-five year term on the methamphetamine count, and a consecutive indeterminate five-year term on the marijuana count, plus the minimum fines. Carrillo's counsel made no objection to the State's recommendation, but did request that the court suspend any sentences.

The district court sentenced Carrillo to the terms recommended by the State, though it imposed them concurrently. The court imposed larger fines, and did not suspend the sentences.

■ On appeal, we review de novo Carrillo's claim his counsel was ineffective in failing to object to the State's recommendation for sentence. *See Collins v. State,* 588 N.W.2d 399, 401 (Iowa 1998). To establish a claim of ineffective assistance of counsel, Carrillo must prove by a preponderance of the evidence both that his counsel failed to perform an essential duty and that prejudice resulted. *See State v. Williams,* 574 N.W.2d 293, 300 (Iowa 1998). Although claims of ineffective assistance of counsel are ordinarily preserved for postconviction relief, we do consider them on direct appeal when the record is clear, and plausible trial strategy and tactical considerations do not explain counsel's actions. *State v. Hopkins,* 576 N.W.2d 374, 378 (Iowa 1998).

■ Given the nature of his particular claim, Carrillo cannot prevail unless he first proves the State breached the parties' plea agreement. Our analysis thus begins there. After reviewing the record, we believe it clear from the transcript of the plea hearing, particularly the prosecutors comment that it was a "[buy]-your-silence kind of deal," that the State did agree to remain silent at sentencing, and leave unchallenged Carrillo's request for suspended sentences. The fact that the prosecutor emphasized to the court during the plea proceedings that the State was not approving or recommending a suspended sentence indicates only that the State would not affirmatively join in Carrillo's request for a suspended sentence. The prosecutor did not explain, as the State now contends, that it would oppose such a request by recommending a sentence of incarceration.

We find specious the State's suggestion that it only agreed not to resist Carrillo's right to request a suspended sentence, a promise which would have no value. The State has not identified any reason why Carrillo would not have been entitled to make such a request. In any event, either suspended sentences were an option, or they were not. If they were, it would be pointless for the State to agree not to resist the "right to request" them. If they were not, Carrillo would have gained nothing from the promise, save perhaps the State's assistance in misleading the court concerning its sentencing options. We conclude the State breached the agreement by recommending Carrillo serve a thirty-year sentence.

■ Given that the State was required to remain silent at sentencing, it is readily apparent that Carrillo's counsel breached an essential duty by failing to object when the State did not do so. It is difficult to imagine any benefit flowing to Carrillo from the State's recommendation of a thirty-year prison sentence, as contrasted with the alternative of silence while he asked for a suspended sentence. *See State v. Hrbek*, 336 N.W.2d 431, 436 (Iowa 1983)

("We see no way to attribute counsel's omission to mere improvident trial strategy, miscalculated tactics or mistaken judgment."). The first prong of Carrillo's ineffective-assistance claim is established.

■ With respect to the second prong, a defendant who pleads guilty in reliance on a promise from the State suffers prejudice when the State later breaks that promise. *State v. Epps*, 316 N.W.2d 691, 694 (Iowa 1982). Where a prosecutor breaches a plea agreement, the remedy is either specific performance of the agreement, or withdrawal of the guilty plea. *State v. Foy*, 574 N.W.2d 337, 339 (Iowa 1998). Carrillo asks for specific performance, *i.e.*, that the case be remanded for resentencing with instructions that the State remain silent.

■ The State contends that, even if it did breach the plea agreement, the nature of Carrillo's ineffective-assistance claim requires him to establish a different sort of prejudice: that, but for his counsel's failure to object, he would have received a different sentence. Under well-established principles for ineffective-assistance claims, prejudice occurs if the deficient performance gives rise to a reasonable probability that, but for counsel's errors, the results of the proceedings would have been different. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998). The State asserts that the court's sentence of incarceration is supported by the record, and there is no indication Carrillo would have received suspended sentences even absent the State's contrary recommendation. Thus, the State argues Carrillo has failed to establish he was prejudiced by counsel's omission. We disagree.

■ Essentially, the State's recommendation in violation of its obligations under the plea agreement was a factor which the sentencing court should not have

considered in imposing sentence, and which tainted the sentencing proceeding. *See State v. King,* 576 N.W.2d 369, 371 (Iowa 1998). When a trial court considers an improper sentencing factor, we require a remand for resentencing. We have noted that we may not speculate about the weight given by the sentencing court to the improper factor, and that there is no way of knowing what sentence would have been pronounced had the improper factor not been considered. *See State v. Gonzalez,* 582 N.W.2d 515, 517 (Iowa 1998); *State v. Remmers,* 259 N.W.2d 779, 785 (Iowa 1977). That is the case here. We have no way of knowing what sentence this judge would have imposed had the State remained silent, and we certainly will not speculate about the sentence a different judge would have imposed had Carrillo's counsel objected and the case been set for resentencing.

■ A proper objection by counsel would have led to a "different outcome" in the sense that Carrillo would either have been allowed to withdraw his plea, or he would have been entitled to a resentencing in proceedings not tainted by the State's recommendation. *See King,* 576 N.W.2d at 371. We find this to be the proper focus for determining prejudice, and conclude that Carrillo suffered prejudice by counsel's inaction. We affirm the judgment, but vacate Carrillo's sentence and remand for resentencing, during which the State may not oppose Carrillo's request for a suspended sentence.

**AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.**