# IN THE SUPREME COURT OF IOWA

No. 132 / 06-0840

Filed October 26, 2007

**STATE OF IOWA,**

Appellee,

vs.

**PHILIP BRIAN COOPER,**

Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clarke County, Gregory A. Hulse and David L. Christensen, Judges.

Defendant appeals from sentence imposed on his conviction of operating while intoxicated, third offense, contending his trial counsel rendered ineffective assistance of counsel. **DECISION OF COURT OF APPEALS VACATED; SENTENCE VACATED; AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Elisabeth S. Reynoldson, County Attorney, for appellee.

**PER CURIAM.**

The defendant, Philip Brian Cooper, appealed from the sentence imposed upon his conviction of operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2005). He contended his trial counsel rendered ineffective assistance by failing to object to the State's breach of the parties' plea agreement. The court of appeals affirmed Cooper's conviction and preserved his ineffectiveness claim for a possible postconviction-relief action. We granted Cooper's application for further review. Because we conclude Cooper's counsel rendered ineffective assistance, we vacate the decision of the court of appeals, vacate the sentence imposed on Cooper's conviction, and remand for resentencing.

**I. Background Facts and Proceedings.**

The State charged Cooper with operating while intoxicated, third offense. Cooper pled guilty to the charge pursuant to a plea agreement. At the plea hearing, the prosecutor read the plea agreement into the record:

> [T]he State's agreement is that the State will recommend that the defendant be sentenced to an indeterminate term not to exceed five years, that that term be suspended, all but 30 days be suspended, and the defendant be placed on formal and supervised probation, that the defendant pay the mandatory minimum fine of $2500 plus applicable surcharges, court costs, and court-appointed attorney fees.

> In addition . . . it is the State's agreement that should the defendant complete inpatient substance abuse treatment, that the State will recommend that the defendant receive credit towards the mandatory 30-day jail time for the inpatient treatment.

Defense counsel indicated the plea agreement was stated correctly. The court advised Cooper that the sentencing recommendations were not binding upon the court and accepted Cooper's guilty plea after a colloquy.

At the sentencing hearing before a different judge, the prosecutor gave the following recommendation:

> Your Honor, it should be noted that at the time of the guilty plea, the State's agreement with respect to sentencing was that the State would agree to recommend an indeterminate term of incarceration not to exceed five years, that that term would be suspended – all but 30 days of that term would be suspended and the defendant would be given credit for inpatient treatment for that 30 days. That agreement was conditioned upon the defendant successfully completing that inpatient treatment program.
>
> The State has been informed by the defendant's counsel that the defendant did not successfully complete that inpatient treatment program. Therefore, the State is requesting the Court sentence the defendant to – pursuant to the PSI, to an indeterminate term not to exceed five years and the defendant to be placed in the OWI continuum program when the space becomes available and that the defendant be sentenced to the minimum fine of $2500.

Defense counsel said he did not resist the State's recommendation. The court sentenced Cooper to an indeterminate term of five years with placement in the OWI continuum program, a $2500 fine, and applicable surcharges.

Cooper appealed, contending his trial counsel rendered ineffective assistance by failing to object to the State's breach of the plea agreement. He asked that his sentence be vacated and the case be remanded for resentencing. The court of appeals affirmed, but preserved Cooper's ineffective-assistance-of-counsel claim for a possible postconviction relief action.

**II. General Principles Governing Ineffective-Assistance-of-Counsel Claims.**

Because Cooper's trial counsel did not object to the prosecutor's comments at the sentencing hearing, error was not preserved. *See State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998). Consequently, to reach the merits of this issue on appeal, Cooper must establish that his trial

counsel rendered ineffective assistance. *See State v. Carrillo,* 597 N.W.2d 497, 499 (Iowa 1999). We review this constitutional claim de novo. *See Ceaser,* 585 N.W.2d at 195.

### III. Analysis.

We conclude the State breached its duty under the plea agreement by using Cooper's failure to successfully complete inpatient treatment as a basis to rescind its promise to recommend a suspended sentence. Under the parties' plea agreement, Cooper's completion of inpatient treatment would only affect the State's recommendation regarding a credit towards the portion of the sentence that would not be suspended. We conclude Cooper's counsel breached an essential duty by not objecting to the State's failure to make the promised recommendation.

We can discern no proper basis for counsel's failure to object given the State's switch from recommending a suspended sentence to its recommendation of imposition of a five-year prison term. Counsel's failure to alert the trial court to this clear breach deprived that court of the opportunity to remedy the error, resulting in prejudice to Cooper. *See State v. Horness,* 600 N.W.2d 294, 301 (Iowa 1999). Cooper has therefore demonstrated his counsel rendered ineffective assistance, and there is no need to preserve the issue for a possible postconviction relief proceeding.

### IV. Conclusion.

Because Cooper's counsel rendered ineffective assistance in failing to object to the State's breach, we vacate the court of appeals decision, vacate the sentence imposed upon Cooper's guilty plea, and remand the case for resentencing. The State shall abide by the plea agreement at resentencing.

**DECISION OF COURT OF APPEALS VACATED; SENTENCE VACATED; AND CASE REMANDED FOR RESENTENCING.**

All justices concur except Streit, J., who takes no part.

This is not a published opinion.