# IN THE COURT OF APPEALS OF IOWA

No. 15-0404
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ARIF HAJTIC,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

        The defendant appeals his sentence following resentencing pursuant to *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

        William L. Kutmus of Kutmus, Pennington & Hook, P.C., West Des Moines, and Steven P. DeVolder of The DeVolder Law Firm, Norwalk, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Jean C. Pettinger, Assistant Attorneys General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Article I, section 17, of the Iowa Constitution provides "cruel and unusual punishment shall not be inflicted." In 2014, the supreme court interpreted this clause to categorically prohibit the imposition of a mandatory minimum sentence on a youthful offender. *See State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014). The supreme court held that an individualized sentencing hearing is required "so a judge can at least consider a sentencing option other than mandatory minimum imprisonment." *Id.* at 403. The supreme court held its decision was retroactive, requiring "all juvenile offenders who are in prison under a mandatory minimum sentence to be returned to court for resentencing. *See id.* In this appeal, Arif Hajtic challenges the sentence imposed following his *Lyle* resentencing hearing.

In 2002, then seventeen-year-old Hajtic and another robbed a convenience store. Hajtic also burglarized several other businesses. In 2003, following jury trial, Hajtic was convicted of robbery in the first degree, in violation of Iowa Code section 711.2 (2001), and three counts of burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A. Hajtic was sentenced to an indeterminate term of incarceration not to exceed twenty-five years for the robbery conviction and required to serve seventy percent of that sentence before becoming eligible for parole. *See* Iowa Code § 902.12. He was sentenced to an indeterminate term of incarceration not to exceed five years for each of the burglary convictions. All of the sentences were ordered to be served concurrently with each other.

Following *Lyle*, Hajtic filed a motion to correct an illegal sentence, requesting the district court to vacate the minimum sentence for the robbery conviction. Following hearing on the matter, the district court denied the defendant's motion. The defendant timely filed this appeal. Where, as here, the defendant challenges the constitutionality of a sentence, our review is de novo. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015); *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

The *Lyle* court set forth in great detail the sentencing procedure to be used in determining whether to impose a minimum sentence on a juvenile offender:

> To avoid any uncertainty about the parameters of the resentencing hearing and the role of the district court on resentencing, we reiterate that the specific constitutional challenge raised on appeal and addressed in this opinion concerns the statutory imposition of a minimum period of incarceration without parole equal to seventy percent of the mandatory sentence. The holding in this case does not address the mandatory sentence of incarceration imposed under the statutory sentencing schema or any other issues relating to the sentencing schema. Under article I, section 17 of the Iowa Constitution, the portion of the statutory sentencing schema requiring a juvenile to serve seventy percent of the period of incarceration before parole eligibility may not be imposed without a prior determination by the district court that the minimum period of incarceration without parole is warranted under the factors identified in *Miller* and further explained in *Null*. The factors to be used by the district court to make this determination on resentencing include: (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change. *See Miller*, 567 U.S. at ____, 132 S. Ct. at 2468, 183 L. Ed. 2d at 424; *Null*, 836 N.W.2d at 74–75;

*see also Pearson*, 836 N.W.2d at 95–96; *Ragland*, 836 N.W.2d at 115 n.6.

> In order to address the issue raised in this appeal, the district court shall conduct a hearing in the presence of the defendant and decide, after considering all the relevant factors and facts of the case, whether or not the seventy percent mandatory minimum period of incarceration without parole is warranted as a term of sentencing in the case. If the mandatory minimum sentence is not warranted, the district court shall resentence the defendant by imposing a condition that the defendant be eligible for parole. If the mandatory minimum period of incarceration is warranted, the district court shall impose the sentence provided for under the statute, as previously imposed.

854 N.W.2d at 404 n.10. The *Lyle* diktat is twofold. First, the sentencing court is required to consider at least all of the enumerated factors. *See id.* ("The factors to be used include . . . ."). Second, the sentencing court must consider each of the factors as mitigating factors only. *See id.* at 403 n.8 ("Clearly, these are all *mitigating factors*, and they cannot be used to justify a harsher sentence.").

In light of the foregoing mandates, on de novo review, we are compelled to vacate the defendant's sentence and remand this matter for resentencing due to the district court's failure to adhere to the *Lyle* sentencing procedure. First, the district court failed to consider the fourth factor ("the challenges for youthful offenders in navigating through the criminal process") during the sentencing hearing. This was error and requires reversal. Second, the district court impermissibly treated at least one of the other factors as an aggravating circumstance rather than a mitigating circumstance.

When considering the first factor (the age of the offender and the features of youthful behavior), the district court stated:

> I do think the age you were at the time you committed the offense of first degree robbery is significant. You were just 30 days

shy of your 18th birthday, and if you would have committed this offense just one month later, we wouldn't be here right now, you wouldn't be afforded the opportunity that you have under *Lyle* to have us revisit your sentencing. And, obviously, someone who is just one month shy of 18 ought to have a little better judgment and emotional stability and maturity than someone who committed such an offense, say, at 15 or 16 years of age. So I consider that.

It is clear the court considered Hajtic's advanced age as an aggravating factor. Controlling case law provides this was error. *See State v. Pearson*, 836 N.W.2d 88, 97 (Iowa 2013) (holding consideration of age as an aggravating factor to be reversible error).

The second factor to be considered is the juvenile's particular family and home environment. In considering this factor, the district court stated:

I also take a look at special circumstances in your background at the time you committed the offenses. You had at that time a supportive family. You talked about that in your presentence investigation report originally that you felt that you should be entitled to a suspended sentence, and you have the support of your family, and they would help you out if you did not need to go to prison. And your family is still here. Your family was supporting you then, your family is supporting you now. It would be an important special circumstance perhaps in your favor if you came from a very challenged background, a very disadvantaged background, if you did not have guidance and support of family who could help you make appropriate decisions and who would give you good background, but you had all that. You had good support from your family, and so I can't conclude that as a result of a very disadvantaged background you were much more likely being a youthful person to commit this type of offense. I just can't make that conclusion.

The district court's statements do not appear to acknowledge Hajtic's actual background. The court made no mention of the potentially negative family and home environment with an abusive, alcoholic stepfather who abandoned the family. There was no mention of Hajtic's background as a refugee from war-torn

Bosnia, then Croatia. Although Hajtic's mother and siblings likely are a supportive family, the court did not consider the whole picture.

The third factor required to be considered is the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime. The court considered some of the circumstances of the particular crime when it observed, "[Y]ou made a conscious decision to make repeat felonies over a two-day period of time, and ultimately you committed a very, very serious offense against another human being." And again:

> You were engaged in a crime spree at the time you committed this offense. Just one day before you committed this offense, you burglarized two other places. Two separate incidents. You had ample time to reflect on that after committing the first one and decide that perhaps this is bad judgment, perhaps I shouldn't engage in this sort of activity, you're directly violating the rights and security of other people when you burglarize, and yet you chose to do the same thing in a different location on the same day. And then you had an evening to reflect further on whether engaging in serious criminal behavior, felony criminal behavior is something you really ought to be doing, and after sleeping on it, what did you do the next day? You decided to burglarize another place, and then you decided to commit an armed robbery. There was plenty of opportunity for you to digest what you were doing, think twice about what you were doing and choose a wiser course of action. You did not do that. You committed a very serious crime against another fellow human being.

As with the first factor, the district court considered the offense conduct as an aggravating factor rather than a mitigating factor. Controlling case law requires the district court to consider this factor solely as a mitigating factor. *See Pearson*, 836 N.W.2d at 97 ("It is true . . . youthfulness does not lessen the results of [a juvenile's] actions insofar as the impact they had on the lives of the

victims, yet under *Miller* and *Null*, a juvenile's culpability is lessened because the juvenile is cognitively underdeveloped relative to a fully-developed adult."); ("While it is true that juveniles lack the maturity to fully understand the consequences of their actions, under *Miller* and *Null* this too is a mitigating factor."). Here, the district court here "did not treat it as such," *id.*, and this constitutes reversible error.

We do address a final issue. Hajtic contends the court considered an improper factor in resentencing—Hajtic's lack of remorse demonstrated by making the State prove its case at trial instead of accepting responsibility and pleading guilty. A sentence must be vacated and the matter remanded for resentencing when the record shows the sentencing court relied on an impermissible factor in imposing sentence. *See State v. Carrillo*, 597 N.W.2d 497, 501 (Iowa 1999). One improper factor is a defendant's exercise of his constitutional right to require the State to prove his guilt at trial rather than plead guilty. *See State v. Nichols*, 247 N.W.2d 249, 255-56 (Iowa 1976). Here the State clearly argued the defendant should receive a more severe sentence simply for putting the State to its proof:

> This defendant, as I had previously pointed out, didn't take responsibility, went through a whole trial in this matter, didn't simply plead guilty to committing this offense, put the state and the victims to the test of proving his guilt, didn't accept that judgment as a final word. He appealed his conviction. He lost his—or, lost his appeal as well and now is back before the court to try to have his sentence reduced. This is not somebody that is really taking responsibility for any of his actions.

The record is ambiguous as to whether the district court relied on the State's recommendation at the time of sentencing. If it did so, this was improper.

However, we need not reach the issue because the defendant's sentence must be vacated on other grounds.

Because the district court did not consider the required *Lyle* factors and because the district court considered some of the *Lyle* factors as aggravating rather than mitigating circumstances, we are compelled to vacate the defendant's sentence and remand this matter for resentencing before a different judge.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**