# IN THE COURT OF APPEALS OF IOWA

No. 14-1957
Filed May 25, 2016

MICHAEL CONNOR,
        Applicant-Appellant,

vs.

STATE OF IOWA,
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lucas County, Martha L. Mertz, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **REVERSED AND REMANDED.**

Clemens A. Erdahl of Nidey, Erdahl, Tindal & Fisher, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Michael Connor pled guilty to two counts of third-degree sexual abuse and one count of sexual exploitation of a minor based on his abuse of a foster child in his home. The court sentenced him to ten years in prison on each count and ordered the two sexual-abuse charges to run consecutively, but the exploitation charge was ordered to run concurrently to the first sexual-abuse sentence. In pronouncing the sentence, the district court stated,

> Now, as to the issue of whether or not these counts should run concurrently or consecutively. In making up my mind about that particular issue, I have considered all of the things that I have previously stated on the record. But this is an egregious case. To think that a foster parent in the position of authority that he was would sexually abuse a fifteen-year-old girl over a period of at least fourteen months,[1] it is just nearly unimaginable to this Court. Because of that, I am going to order that Counts I and II run consecutive to each other and that County VII run concurrent to Count I.

Connor's conviction and sentences were affirmed on appeal by this court. *See State v. Connor*, No. 12-1634, 2013 WL 3822104, at *1 (Iowa Ct. App. July 24, 2013).

Connor filed an application for postconviction relief (PCR) asserting, among other claims, his attorney was ineffective at sentencing when counsel failed to correct the court that the period of sexual abuse lasted two months, not fourteen months. He claims the sentencing court's misunderstanding of the

---

[1] We note the statement that the abuse lasted fourteen months was repeated in both the minutes of testimony and the presentence investigation (PSI) report, though the PSI also included references that Connor asserted the abuse lasted from June 2010 until August 2010. At the guilty plea hearing, Connor agreed he sexually abused the victim between June 22, 2010, and August 20, 2011. At the PCR trial, Connor and his wife testified the victim left their residence on August 20, 2010, not 2011. Conner offered documentation showing he moved to Florida in August 2010, and thus, he would have had no contact with the victim after that time. The PCR court accepted as established fact, as do we, that the abuse lasted two, not fourteen months.

length of time the abuse lasted was the deciding factor in making the sexual-abuse sentences consecutive, rather than concurrent.

The PCR court did not address whether counsel breached an essential duty when he did not correct the sentencing court on the length of the abuse. Instead, the court denied Connor's claim by concluding Connor failed to prove he was prejudiced by counsel's failure. *See State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015) ("We can resolve ineffective-assistance-of-counsel claims under either prong of the analysis."). The PCR court concluded the length of the abuse "was only one fact among several" the sentencing court considered when it decided to run the sexual-abuse sentences consecutively. The PCR court stated, "Examining all of the facts, this court doubts, and Applicant failed to prove that, the judge's belief as to the duration of the sexual abuse was a deciding factor in imposing consecutive sentences. The sentencing judge had several good reasons to do so."

We review ineffective-assistance claims de novo. *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015). To establish his ineffective-assistance-of-counsel claim, Connor must prove "by a preponderance of the evidence that '(1) counsel failed to perform an essential duty, and (2) prejudice resulted.'" *State v. Velez*, 829 N.W.2d 572, 573 (Iowa 2013) (quoting *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012)). With respect to the first element, there is a presumption counsel performed competently, and miscalculated tactics or improvident trial strategy do not necessarily amount to ineffective assistance. *State v. Ondayog*, 722 N.W.2d 778, 785–86 (Iowa 2006). To prove prejudice, Connor must show "a reasonable probability that, but for counsel's errors, the results of the

proceedings would have been different." *See State v. Carrillo*, 597 N.W.2d 497, 500 (Iowa 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." *Id.*

At the PCR hearing, Connor's counsel did not assert he had a particular strategy or tactic in mind when he did not bring to the court's attention the difference in the duration of the abuse.[2] Connor testified he told his counsel about the duration mistake but was told by counsel it did not matter. Counsel testified he had no recollection of speaking with Connor about the issue, and counsel assumed if he had noticed it he would have made a correction to the PSI. The PSI included both the allegation the abuse occurred over fourteen months and Connor's assertion the abuse lasted for two months. Counsel admitted he should have called the discrepancy to the court's attention. We conclude Connor proved counsel failed to perform an essential duty.

As to the prejudice prong, when trial counsel did not correct the discrepancy, the fourteen-month duration of abuse became an improper sentencing factor the court considered, which tainted the sentencing proceeding. *See id.* at 500–01 (noting the prosecutor's breach of the plea agreement amounted to an improper sentencing factor the court should not have considered). When a court considers an improper sentencing factor, we are required to vacate the sentence and remand for resentencing. *Id.* at 501. "[W]e

---

[2] Counsel did go on to speculate at the PCR proceeding that bringing the duration discrepancy to the attention of the sentencing court may have been perceived by the court as an attempt to minimize the abuse the victim suffered and may have resulted in an even harsher sentence. However, this kind of post hoc rationalization does not equate to an improvident trial strategy, a miscalculated tactic, or a mistake in judgment so as to justify counsel's inaction. *See Ondayog*, 722 N.W.2d at 786.

may not speculate about the weight given by the sentencing court to the improper factor." *Id.* "[T]here is no way of knowing what sentence would have been pronounced had the improper factor not been considered." *Id.*

Upon our de novo review of the record, we conclude Connor has met his burden to prove by a preponderance of the evidence that he was prejudiced because, with an improper sentencing factor in the mix, our confidence in the outcome of the proceeding is undermined. When a sentence is challenged based on the court's consideration of an improper factor, our case law is clear that the case must be remanded for resentencing. *See id.* The sentencing court here referenced the length of the abuse—which was incorrect—immediately before pronouncing its decision on whether to make the sentences consecutive. While the PCR court and Connor's trial counsel believed the duration of the abuse was not a deciding factor for the sentencing judge in imposing consecutive sentences, based on the language used by the sentencing court, we are not confident that is the case.

We therefore reverse the district court's denial of Connor's postconviction-relief application and remand the matter for an order vacating his sentence and resetting the matter for resentencing. We do not express any opinion as to what the sentence on remand should be or how the sentencing court should exercise its discretion.

**REVERSED AND REMANDED.**