# IN THE COURT OF APPEALS OF IOWA

No. 21-1697
Filed August 3, 2022

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**VADIM IGOREVIC SHULTSEV,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Warren County, Brendan E. Greiner,

District Associate Judge.


       A defendant appeals his sentence.  **AFFIRMED.**


       Patrick W. O'Bryan, Des Moines, for appellant.

       Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


       Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

In March 2020, Vadim Shultsev pled guilty to operating a motor vehicle while his license was barred as a habitual offender in the summer of 2019, a violation of Iowa Code sections 321.560 and 321.561 (2019). His sentencing hearing was continued repeatedly in part because of his health problems, including a diagnosis of stage IV heart disease, that required ongoing medical observation and testing; sentencing eventually took place in October 2021. With no plea agreement before the court, Shultsev requested he be sentenced to sixty days and given credit for the time he already served. He also asked that the sentence run concurrent to the sentence of another charge he had pending.[1] The district court sentenced him to two years running concurrent with the other charge. In its reasoning, the district court explained to Shultsev:

> So I want you to understand, Mr. Shultsev, that the sentence I'm going to impose I believe is the best one for you so that you can understand the significance of what it is that you have done, but also provide you with the type of environment where your health issues will be addressed better than what we're talking about with a significant jail sentence.
> . . . The reasons I'm not going to go along with [your recommendation] is because while you're sitting in the Jasper County jail, it will be very difficult for you to get medical treatment. So the sentence will be a prison sentence. My understanding is that you will then be transported to the Iowa Medical and Classification Center. There the Department of Corrections will assist you with your medical treatment. . . .
> . . . .
> I believe that is the best thing for your rehabilitation and for protection of the community from further offenses from you in light of your criminal record and the mitigating factor of your health concerns here today.

---

[1] The sentence on the other charge required Shultsev to serve ninety days in jail. At the time of the sentencing, he had already spent sixty days in jail.

Shultsev appeals[2] and argues that the relative medical capacities of the prison and county jail should not have influenced the court's decision—he should have been sentenced to "county jail time" as opposed to a prison sentence. When a sentence is within the statutory limitations,[3] our review is for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Our "focus is whether an improper sentencing factor crept into the proceedings." *State v. Thomas*, 520 N.W.2d 311, 314 (Iowa Ct. App. 1994). "When a trial court considers an improper sentencing factor, we require a remand for resentencing." *State v. Carrillo*, 597 N.W.2d 497, 501 (Iowa 1999).

Sentencing courts can consider a "host of factors that weigh in on the often-arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform," in addition to "the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). In the court's colloquy at sentencing, it referred to Shultsev's health

---

[2] Shultsev pled guilty to a crime other than a class "A" felony, which would typically extinguish the right to appeal without good cause. *See* Iowa Code § 814.6(1)(a)(3) (2019). But "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[3] Driving while barred as a habitual offender is an aggravated misdemeanor, which has a "maximum penalty [of] imprisonment not to exceed two years." Iowa Code §§ 321.561, 903.1(2).

concerns as a mitigating factor amidst a host of other considerations, including his criminal record, his rehabilitation, and the protection of the community.[4]  It is not improper for a sentencing court to consider health as a mitigating factor.  *State v. Withan*, 583 N.W.2d 677, 678 (Iowa 1998) ("A sentencing court is to consider any mitigating circumstances relating to a defendant."); *State v. Ritchie*, No. 20-1181, 2021 WL 3074495, at *4 (Iowa Ct. App. July 21, 2021) ("The district court weighed the health risks associated with [COVID]-19 but was not required to specifically address each mitigating circumstance Ritchie urged."); *State v. Droegmiller*, No. 10-0470, 2011 WL 1818418, at *2 (Iowa Ct. App. May 11, 2011) ("The court considered and weighed multiple appropriate factors [including the defendant's health] in arriving at a sentence that appear to provide for [the defendant's] rehabilitation as well as the protection of the community.")  As no improper factors were considered and the sentence was not rooted in untenable or unreasonable grounds, we affirm.

**AFFIRMED.**

---

[4] The written sentencing order also states "the Court . . . considered that such sentence is consistent with the protection of the public, the gravity of the offense, the Defendant's criminal history, and the rehabilitative needs of the Defendant."